**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John F. Stewart,<br><br>             Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br>Acting Commissioner of Social Security,<br><br>             Defendant. | No. CV-13-00508-PHX-DGC<br><br>**ORDER** |

       Pursuant to 42 U.S.C. § 405(g), Plaintiff John F. Stewart seeks judicial review of the Commissioner's decision finding him not disabled. Doc. 11. For the reasons that follow, the Court will deny Plaintiff's motion.

**I.    Background.**

       Plaintiff applied for disability insurance benefits and supplemental security income on October 24, 2009, alleging disability beginning on June 1, 2008. Doc. 11 at 1-2. After a hearing on May 18, 2011, an Administrative Law Judge ("ALJ") issued an opinion on July 28, 2011, finding Plaintiff not disabled. *Id.* at 2. Requests for review were twice denied by the Appeals Council, and the ALJ's opinion became the Commissioner's final decision. *Id.*

**II.    Legal Standard.**

       Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but

less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). If there is sufficient evidence to support the Commissioner's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

Determining whether a claimant is disabled involves a sequential five-step evaluation process. The claimant must show (1) he is not currently engaged in substantial gainful employment, (2) he has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from performing his past work. If at any step the Commissioner determines that a claimant is or is not disabled, the analysis ends; otherwise it proceeds to step five. If the claimant establishes his burden through step four, the Commissioner bears the burden at step five of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).

**III.   Analysis.**

Plaintiff contends that the ALJ's decision is incorrect on two grounds. First, he argues that the ALJ failed to properly weigh the opinion of a treating physician. He also argues that the ALJ improperly discounted his subjective testimony. The Court will consider each argument in turn.

**A.   Treating Physician Opinion.**

The Ninth Circuit distinguishes between the opinions of treating physicians, examining physicians, and non-examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, an ALJ should give greatest weight to a treating physician's opinion and more weight to the opinion of an examining physician than to one of a non-examining physician. *See Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th

1 Cir. 1995); *see also* 20 C.F.R. § 404.1527(c)(2)-(6) (listing factors to be considered when evaluating opinion evidence, including length of examining or treating relationship, frequency of examination, consistency with the record, and support from objective evidence). The opinion of a treating or examining physician "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043).

Plaintiff argues that Dr. Ryklin's opinions should have been given controlling weight and that the ALJ failed to provide "clear and convincing" reasons for discounting them. Doc. 11 at 14-15. The ALJ found that Dr. Ryklin's notes were "replete with comments about how great the [Plaintiff] is doing," and that he released Plaintiff back to work immediately. A.R. 33. The ALJ cited several examples from Dr. Ryklin's treatment records, noting that in April 2008 Plaintiff reported "close to 50% improvement, had less severe headaches, and was able to stop using pain medication." *Id.* The ALJ further noted that Dr. Ryklin's notes from October 2008 revealed that Plaintiff was "considerably improved" and Dr. Ryklin released him to full work duties. *Id.* The ALJ also noted that Dr. Ryklin's treatment notes from June 2009 showed that Plaintiff reported 70% improvement "with particular improvement in sitting, standing, bending, and sleeping." *Id.* Additionally, she noted that in October 2009 Dr. Ryklin recorded that Plaintiff's medication "was controlling [his] pain reasonably well [and] that he had no side effects." *Id.* The ALJ concluded that these examples from Dr. Ryklin's notes conflicted with a "Headache Impairment Questionnaire" completed by Dr. Ryklin in February 2010. *Id.* at 34. The ALJ gave this questionnaire little weight because it was a "fill-in-the blanks, check-blocks form" that "lacked bases for conclusions." *Id.*

Plaintiff's argument that the ALJ was required to give "clear and convincing" reasons for discounting Dr. Ryklin's opinion is incorrect. An ALJ must provide clear and convincing reasons for rejecting the opinion of a treating physician that is not contradicted. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Dr. Ryklin's opinion was contradicted by those of other treating physicians such as Drs. Cowley and

Benjamin, and the ALJ clearly noted that Dr. Ryklin's own treatment notes and other documents were internally inconsistent. The ALJ is not required to give controlling weight to an opinion that is not well-supported and inconsistent with other evidence in the record. *See* 20 C.F.R. § 404-1527(d)(2). The Court finds no error in the weight assigned to Dr. Ryklin's opinions by the ALJ and further finds that the ALJ's assessment of these opinions is supported by several specific and legitimate reasons as outlined above. *Lester*, 81 F.3d at 830-31.

### B.     Plaintiff's Subjective Testimony.

The ALJ must engage in a two-step analysis to evaluate the credibility of a claimant's subjective testimony. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). If the claimant meets this first test, and there is no evidence of malingering, then the ALJ "can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness, inconsistencies either in the claimant's testimony or between his testimony and his conduct, the claimant's daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (citing *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

Plaintiff argues that the ALJ failed to provide clear and convincing reasons for finding him not credible. The Court disagrees. The ALJ noted that Plaintiff reported being fired from Subway in 2008 because of excessive medical appointments, but that Plaintiff only had four appointments during the time he worked at Subway. A.R. at 36. She noted that the evidence – the end of Plaintiff's employment at Subway and the timing

of medical appointments – seemed to indicate that Plaintiff was in Washington visiting his parents for two to three months in 2008 as opposed to the two to three weeks Plaintiff claimed to have been there. *Id.* She further noted Plaintiff's claim that bright lights and noise bothered him, and yet he had no difficulty in the brightly-lit hearing room and his neighbor reported that Plaintiff kept the TV on all day, even when he was not watching it. *Id.* at 36-37. The ALJ found the "most telling" fact to be Plaintiff's own insistence that he was ready and willing to work, and the opinions of two treating physicians that he could do so. *Id.* at 37. She finally noted that there was no evidence demonstrating that Plaintiff's condition had worsened since 2010, that he had told his psychiatrist in March 2010 that he had "no complaints," and that he had gotten a computer and was playing his guitar. *Id.* at 37. The Court finds that these reasons to be specific, clear, and convincing as required by the Ninth Circuit. *Smolen*, 80 F.3d at 1284.

Plaintiff argues that the ALJ improperly relied on her own observations of Plaintiff as a basis for discounting his testimony. Doc. 11 at 18. This is incorrect. Although an ALJ may not rely solely on her personal observations to discount a claimant's credibility, her personal observations may be used "in the overall evaluation of the credibility of the individual's statements." *Orn v. Astrue*, 495 F.3d 626, 639 (9th Cir. 2007) (citing S.S.R. 96-7p at 8). As discussed above, the ALJ provided ample reasons for her assessment of Plaintiff's credibility. That she also included a personal observation does not constitute legal error.

**IT IS ORDERED** that Plaintiff's motion is **denied**. The Clerk shall terminate this action.

Dated this 21st day of November, 2013.

_____
David G. Campbell
United States District Judge